UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-

**KATHLEEN D. RILEY,**

                            **Plaintiff,**

            **-v-**                                      **1:01-CV-1803**

**NEW YORK STATE OFFICE OF ALCOHOLISM
AND SUBSTANCE ABUSE SERVICES,**

                            **Defendant.**

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-

APPEARANCES:

DeLorenzo Law Firm. LLP
Dana M. Boniewski, Esq., of Counsel
201 Nott Terrace
Schenectady, New York 12307
Attorneys for Plaintiff

Hon. Eliot Spitzer, Attorney General of the State of New York
Michael McCartin, Esq., Assistant Attorney General
Office of the Attorney General
The Capitol
Albany, New York 12224
Attorney for Defendant N.Y.S. Office of Alcoholism and Substance Abuse Services

**Hon. Norman A. Mordue, D.J.:**

### MEMORANDUM-DECISION AND ORDER

### BACKGROUND

Presently before the Court is a motion for summary judgment dismissing the remaining claims in this employment discrimination action. By Memorandum-Decision and Order dated August 4, 2003, this Court dismissed all claims against defendants Jean Somers Miller and Dale Adami, as well as all New York state law claims against the remaining defendant, New York State Office of Alcoholism and Substance Abuse Services ("OASAS"), plaintiff's former

employer. The sole claims remaining are plaintiff's Title VII claims of employment discrimination against OASAS. *See* 42 U.S.C. §§ 2000e, *et seq*. For a summary of plaintiff's claims, the Court refers the reader to the August 4, 2003 Memorandum-Decision and Order.

OASAS moves for summary judgment on the remaining claims. *See* Fed. R. Civ. P. 56. For the reasons set forth below, the Court grants the motion and dismisses the case.

## DISCUSSION

**Summary judgment standard**

A party moving for summary judgment bears the initial burden of demonstrating that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the Court, viewing the evidence in the light most favorable to the nonmovant and drawing all reasonable inferences in nonmovant's favor, determines that the movant has satisfied this burden, the burden then shifts to the nonmovant to adduce evidence establishing the existence of a disputed issue of material fact requiring a trial. *See Ramseur v. Chase Manhattan Bank*, 865 F.2d 460, 465 (2d Cir.1989). If the nonmovant fails to carry this burden, summary judgment is appropriate. *See Celotex,* 477 U.S. at 323.

**Limitations period**

OASAS' principal argument is that plaintiff's claims are time-barred. Plaintiff filed her discrimination charge with the New York State Division of Human Rights ("DHR") on October 13, 2000. Thus, unless an exception applies, the 300-day limitation period bars claims based on incidents occurring before December 18, 1999, that is, incidents occurring more than 300 days

prior to the filing of the DHR charge.[1]  *See Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 765 (2d Cir. 1998).

Plaintiff alleges a series of actions by co-worker Dale Adami occurring between January 1999 and October 1999,[2] which, according to plaintiff, constituted sexual harassment and created a hostile work environment.[3]  There is no non-conclusory allegation of harassment by Adami occurring within the 300-day period, that is, after December 18, 1999.  Thus, all hostile work environment and/or sexual harassment claims directly based on his conduct are time-barred.  Likewise, all claims based on OASAS' alleged encouragement of or failure to stop Adami's

---

[1] The parties agree that the 300-day rather than the 180-day period applies with respect to the Title VII claims.  *See* 42 U.S.C. § 2000e-5(e)(1).  The Court rejects plaintiff's suggestion that the Court should apply the three-year limitations period for claims under the New York Human Rights Law; all Human Rights Law claims were dismissed on August 4, 2003.

[2] In her response to OASAS' Statement of Material Facts, plaintiff admits the following: "Plaintiff alleges that, between January 1999 and October 1999, Dale Adami, her co-worker ... sexually harassed her[.]"  In her deposition plaintiff referred to an incident occurring at a luncheon about two weeks before Christmas 1999, or, presumably, around December 13, 1999, and testified that this was the last sexual harassment incident that she could recall.  She does not mention this alleged incident in her affidavit in opposition to the summary judgment motion or in her response to OASAS' Statement of Material Facts.  It apparently pre-dates the December 18, 1999 cut-off date.  In any event, it is too trivial to constitute harassment.

[3] In order to establish a violation of Title VII by an employer under a hostile work environment theory, a plaintiff is required to show that the workplace was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of her work environment, and that a specific basis exists for imputing the conduct that created the hostile environment to the employer.  *See Richardson v. New York State Dep't of Corr. Serv.*, 180 F.3d 426, 436 (2d Cir. 1999).  Isolated incidents of harassment ordinarily will not support a hostile work environment claim.  *See, e.g., Kotcher v. Rosa and Sullivan Appliance Ctr.*, 957 F.2d 59, 62 (2d Cir. 1992). Conduct that can be characterized as a few isolated incidents, teasing, casual comments or sporadic conversation will not be deemed to create a hostile work environment. *See Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 768 (2d Cir. 1998).  However, even a single episode of harassment, if sufficiently severe, can establish a hostile work environment.  *See Richardson*, 180 F.3d at 437.

harassing conduct are time-barred.

**Continuing violation**

Plaintiff argues that her DHR charge was timely because she has submitted evidence of a continuing violation. "[A] continuing violation may be found where there is proof of specific ongoing discriminatory polices or practices, or where specific and related instances of discrimination are permitted by the employer to continue unremedied for so long as to amount to a discriminatory policy or practice." *Cornwell v. Robinson*, 23 F.3d 694, 704 (2d Cir. 1994). Where a plaintiff is subjected to a continuous practice or policy of discrimination, the limitations period does not begin to run until the last discriminatory act in furtherance of that practice or policy. *See id.* at 703.

Here, even if the continuing violation doctrine were to be applied with respect to Adami's conduct, the evidence is that such conduct ceased by October 1999. It is true that in her affidavit and Memorandum of Law in opposition to this motion, plaintiff for the first time refers to an e-mail from her to Luke Luyckx dated June 28, 2001. Plaintiff asserts that this e-mail is evidence that she was subjected to continuing harassment. The minor incidents of which she complains in this e-mail fall well below the level required to make out a claim of sexual harassment or hostile work environment so as to support a finding of a continuing violation. Nor are there non-conclusory allegations of ongoing incidents sufficient to bridge the one-and-a-half year gap between October 1999 and the June 28, 2001 e-mail. Moreover, the allegations in the June 28, 2001 e-mail are inconsistent with plaintiff's lengthy deposition testimony and thus fail to raise a question of fact. *See generally Hayes v. New York City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996).

Nor can OASAS be charged with a continuing violation arising from its alleged failure to act upon plaintiff's complaints.  Logically, OASAS' obligation to protect plaintiff from Adami's harassment ended when the harassment ended, that is, in October 1999.

**Retaliation**

Plaintiff also claims that after she complained of Adami's conduct, OASAS retaliated against her.  "To establish a prima facie case for retaliation, a plaintiff must show that (1) the employee was engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered an adverse employment action; and (4) there was a causal connection between the protected activity and the adverse employment action."  *Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1178 (2d Cir. 1996).

The first two elements of a retaliation claim as articulated in *Reed* are satisfied by plaintiff's showing that she complained to representatives of OASAS about harassment by Adami.  With respect to the third and fourth elements – an adverse employment action causally related to the protected activity – plaintiff principally relies on the October 1999 denial of a promotion/upward reclassification for which she applied.  In moving for summary judgment, OASAS submits competent proof that the decision to deny the promotion/reclassification was made on October 15, 1999, by Erika M. Bacher of the New York State Department of Civil Service, a separate New York State agency over which OASAS has no control.  Bacher's affidavit states that she was not aware of plaintiff's complaints about Adami.  There is no evidence to the contrary.

Plaintiff asserts, however, that Bacher's denial was based on information in her application which had been provided to her by OASAS' personnel department.  Plaintiff does not

show that the information was incorrect. Moreover, there is no evidence suggesting any causal connection between her complaints about Adami and the alleged providing of incorrect information. In any event, the alleged retaliatory denial of the promotion occurred in October 1999, more than 300 days prior to plaintiff's filing of the DHR charge.[4]

**Continuing retaliation**

Again plaintiff resorts to the continuing violation doctrine, claiming that the retaliatory actions continued long after the October 1999 promotion/reclassification denial. She points to an incident in October 2000 when her attorney and OASAS attempted to negotiate plaintiff's transfer to a different department. It is highly doubtful that this incident could constitute an adverse employment action. In any event, this incident is too remote in time from the October 1999 promotion/reclassification denial to support a finding of continuing retaliation. The gap between October 1999 and October 2000 is not bridged by alleged incidents occurring in September 2000, such as being reprimanded for being tardy or being away from her desk; these are too minor to aid plaintiff in making out a claim of continuing retaliation. Plaintiff also claims that co-worker Karen Oakes, Adami's mother, made derogatory comments about her. However, the only non-conclusory allegation in this regard occurring after October 1999 was a statement by Oakes to Jerri Knuth, plaintiff's friend, that plaintiff was "bad people." Again, this incident is too minor,

---

[4] At one point in her Memorandum of Law, plaintiff also appears to argue that, in retaliation for her complaints, Henry Gonzalez, OASAS' Affirmative Action Officer failed to conduct a thorough investigation of those complaints. Plaintiff's DHR charge does not characterize the allegedly inadequate investigation as an act of retaliation. Moreover, the record contains no support for this contention. Neither plaintiff's disagreement with the conclusion of the investigation nor her belief that Gonzalez should have interviewed Paul Deming, are, without more, sufficient to support plaintiff's position. The Court notes in particular the absence of an affidavit from Paul Deming to the effect that he would have supported plaintiff's allegations.

even when viewed cumulatively with all other allegations, to assist plaintiff in making out a claim of retaliatory conduct.

Plaintiff also avers that she was denied promotions in December 2000, May 2001 and July 2001. These incidents all post-date plaintiff's DHR charge. As is the October 2000 incident discussed above, they are too remote in time from the October 1999 promotion/reclassification denial to support a finding of continuing retaliation. Viewed in their entirety, plaintiff's allegations fail to make out a claim of continuing retaliation.

## CONCLUSION

OASAS has shown that plaintiff cannot make out a timely claim of sexual harassment or hostile work environment, nor can she benefit from the continuing violation doctrine in this regard. Further, OASAS has shown that plaintiff has no timely cognizable claim of retaliation or continuing retaliation. Accordingly, OASAS has demonstrated that it is entitled to judgment as a matter of law. Plaintiff has not adduced evidence establishing the existence of a disputed issue of material fact requiring a trial. It is therefore

ORDERED that the motion by defendant New York State Office of Alcoholism and Substance Abuse Services for summary judgment is granted; and it is further

ORDERED that the action is dismissed in its entirety.

IT IS SO ORDERED.
February 1, 2006
Syracuse, New York

Norman A. Mordue
U.S. District Judge